Opinion of the court by
Trotter, Justice :
That the witness was not incompetent, by reason of his interest in the question merely, which he was called upon to answer, is now too well settled to admit of doubt. For whatever difficulties may have been felt upon that subject, before the case of Bent v. Baker, 3 Term Rep. 27, they were effectually put at rest by that determination. It only remains, therefore, to ascertain how far his competency was destroyed by the agreement mentioned in the record, by which it is said he was made interested in the result of the suit. I think it a very fair inference, from the whole of the evidence taken together, that the agreement stated by the attorney, was the result of an arrangement of counsel to avoid the necessity of two trials, in cases so similarly situated, that it was supposed the decision upon one, would be considered a satis *199 factory decision of both. For Cozzens states, that he had made no such agreement, and that he was unwilling that his case should abide the event of the one on trial. If that be so, it cannot affect the competency of Cozzens, for two reasons:
1. Because it was a mere arrangement for the convenience of counsel, and therefore open to alteration, at the option of those who. made it, and especially so by Cozzens, who refused, it appears, to continue or submit to it. It was a mere naked agreement at best, and surely no court would hold the party bound by it, when it appeared to have been made without his knowledge, and was to be continued against his consent, as he openly declared.
2. And it would not exclude his testimony, because if it created any new interest, it was long after the event he was called upon to prove. For it is now well settled, that if the witness by his own voluntary act, or by the procurement of the party who objects to him, has acquired an interest in the verdict, after the event he is called to prove, the other party shall not for that reason be deprived of his evidence. 1 Peake, 105. The case of Baylor v. Smith’s heirs, 1 Littell Rep. 105, is one in which this point was fully considered by the court. By uniting with Baylor in the bond which he had given for the payment of the purchase money of the negro in controversy, Cockerel, who was offered as a witness by Smith’s heirs, had acquired an interest in the verdict, and was objected to by Baylor on that ground. But the court held that such an objection came with a bad grace from Baylor, by whose procurement the interest was acquired, and as the facts which the heirs wished to prove by the witness, existed long anterior to the execution of this bond, they should not be deprived of his testimony. In this case, there is no proof that the arrangement for the trial of the two suits together, which is the effect of the agreement, was brought about by any interference or act of the plaintiff. And we are, therefore, clearly of opinion that the witness should have been permitted to testify,’ and that the court erred in excluding him.
The judgment must be reversed, and a venire, de novo awarded.